**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| **HENRY KEOUA MCKEAGUE,** | ) Civ. No. 08-00571 ACK-KSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| **RENE MATSUURA, CEO, Honolulu** | ) |
| **Police Federal Credit Union,** | ) |
| **and RODNEY L. BAPTISTE, JR.,** | ) |
| **Operations Manager, Honolulu** | ) |
| **Police Federal Credit Union,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS**

On December 16, 2008, Henry Keoua McKeague ("Plaintiff"), proceeding pro se, filed an "Affidavit of Information in Support of a Criminal Complaint" ("Complaint") against Rene Matsuura, CEO of the Honolulu Police Federal Credit Union ("HPFCU") and Rodney L. Baptiste, Operations Manager of the HPFCU (collectively "Defendants"). Along with his Complaint, Plaintiff filed an application to proceed in forma pauperis ("IFP Application").[1] For the reasons discussed below, the Court

---

[1] Plaintiff also filed a motion for summary judgment on December 16, 2008. On January 6, 2009, Defendants filed a motion to dismiss the Complaint. In light of this Order, both motions are now moot.

1

dismisses the Complaint without prejudice for lack of subject matter jurisdiction and denies the IFP Application as moot.

## BACKGROUND

On December 17, 2007, Plaintiff attempted to deposit a document entitled "$15,805,920 Commercial Lien an Affidavit of Obligation A Security - 15 USC" into his account at the HPFCU.[2] See Complaint at 1-4 and attachments.  The HPFCU informed Plaintiff that it would not accept the item for deposit.  Id. After a series of correspondence in which Plaintiff insisted that the HPFCU accept the item for deposit, and the HPFCU reiterated its inability to do so, Plaintiff initiated this lawsuit.  Id.

The gravamen of the Complaint is that, according to Plaintiff, the HPFCU never returned the document that he attempted to deposit.  Id. at 2.  Plaintiff accuses Defendants of "FELONY, HIGH CRIMES, and MISDEMEANORS."  Id. at 1-2. Specifically, Plaintiff alleges that Defendant committed fraud, extortion, grand theft, conspiracy, and conversion by failing to return his "Security Lien" document.  Id. at 3.  He also appears to maintain that Defendants are in "contractual default."  Id. at 1.  Plaintiff seeks damages of $47,417,760.00.  Id. at 4.

---

[2] The document apparently indicated that it was drawn on the "U.S. Postal Bank."

**DISCUSSION**

At the outset, the Court considers whether it has subject matter jurisdiction over this action.  The Court concludes that it does not.  "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).  The assumption is that the district court lacks jurisdiction.  See Kokkonen, 511 U.S. at 377.  Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  Although a pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004), "a pro se litigant is not excused from knowing the most basic pleading requirements."  American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

Plaintiff filed his Complaint pursuant to 18 U.S.C. § 4[3] and Rule 3 of the Federal Rules of Criminal Procedure.[4]  See

---

[3] This statute addresses the crime of "misprision of felony" and states: "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the

Complaint at 1-3.  To the extent that Plaintiff alleges that any of Defendants' actions are criminal and violate federal criminal statutes involving fraud, extortion, grand theft, conspiracy, and conversion, the Court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency.  See, e.g., United States v. Nixon, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

      Even if the Court deems the Complaint as civil and liberally construes Plaintiff's allegations, the Court is unable to discern any proper basis for subject matter jurisdiction.  Plaintiff has not asserted the existence of diversity jurisdiction; and even if he did, the parties would seem to be citizens and residents of the same state (Hawaii).[5]  See 28 U.S.C. § 1332; Complaint at 1.  Nor has Plaintiff properly invoked federal question jurisdiction, which requires that claims arise "under the Constitution, laws, or treaties of the United

---

United States, shall be fined under this title or imprisoned not more than three years, or both."  18 U.S.C. § 4.

[4] Rule 3 of the Federal Rules of Criminal Procedure provides:  "The complaint is a written statement of the essential facts constituting the offense charged. It must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer."  Fed. R. Crim. P. 3.

[5] The amount in controversy requirement of 28 U.S.C. § 1332 would clearly be satisfied, however, as Plaintiff seeks damages of $47,417,760.00.  See Complaint at 4.

States."  See 28 U.S.C. § 1331.  Although Plaintiff cites to a handful of federal criminal statutes, he fails to sufficiently demonstrate that his claims arise under federal law.  See Franklin v. Murphy, 745 F.2d 1221, 1234 (9th Cir. 1984) (affirming a district court's dismissal of a pro se complaint as to a particular defendant because the plaintiff's allegations against that defendant were "too insubstantial to create federal subject matter jurisdiction").  If Plaintiff has any valid claims against Defendants for their refusal to deposit the "Security Lien" document into Plaintiff's account and purported theft of the document, which this Court finds doubtful,[6] such claims would sound in state tort or contract law.  The Court concludes that it lacks subject matter jurisdiction over this action and, therefore, dismisses the Complaint without prejudice.

Because the Court dismisses the Complaint for lack of subject matter jurisdiction, Plaintiff's IFP Application is moot.  Even if it were not moot, the IFP Application would be denied.  Federal courts can authorize the commencement of any suit without prepayment of fees or security, by a person who submits an affidavit demonstrating he is unable to pay such costs or give such security.  See 28 U.S.C. § 1915(a)(1).  In determining IFP

---

[6] The Court notes without deciding that Plaintiff's lawsuit appears to be utterly without merit.  Furthermore, the Court finds Plaintiff's attempted deposit with the HPFCU to be highly suspicious.

status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold.  The Department of Health and Human Services ("HHS") Poverty Guidelines indicate that the poverty threshold for a single individual in Hawaii is $11,960.00.[7]  See Annual Update of the HHS Poverty Guidelines, 73 Fed. Reg. 3971 (Jan. 23, 2008).

In his IFP Application, Plaintiff indicates that he is currently unemployed.  See IFP Application at 1.  He has not worked since November 1996, when he was employed by the State of Hawaii and earned $2,000.00 per month.  Id.  Plaintiff states that in the past twelve months he has only received money from one source - pensions, annuities or life insurance payments.  Id.  In an attached statement, Plaintiff represents that he receives a Social Security payment of $1,038.00 per month and a pension of $188.18 paid twice monthly.  See Attachment to IFP Application, titled "Plea for Poverty Status," at 1.  Plaintiff states that he has $155.18 in a bank account and owns property that is the subject of this case, which he refers to as a "$15,805,920.00 USC 15 a USSEC Security document."  See IFP Application at 2.

Based on Plaintiff's affidavit and attachment, the Court finds that Plaintiff would not qualify for in forma pauperis status under 28 U.S.C. § 1915.  Plaintiff's annual

---

[7] Plaintiff indicates that he has no dependents.  See IFP Application at 2.

income of approximately $16,972.32 surpasses the poverty threshold for a single individual in Hawaii.  Plaintiff has failed to demonstrate that he genuinely cannot afford to prepay the costs of initiating this action.  Accordingly, even if Plaintiff's IFP Application were not moot, it would be denied.

## **CONCLUSION**

For the foregoing reasons, the Court DISMISSES the Complaint without prejudice and DENIES the IFP Application as moot.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 12, 2009.



_____
Alan C. Kay
Sr. United States District Judge

McKeague v. Matsuura et al., Civ. No. 08-00571 ACK-KSC, Order Dismissing Complaint Without Prejudice and Denying Application to Proceed in Forma Pauperis.